UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TITO E. MARRERO, | Case No.: 1:13 CV 216 |
| Petitioner | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| BELMONT CORRECTIONAL INSTITUTION, | |
| | <u>ORDER</u> |
| Respondent | |

On January 28, 2013, Petitioner Tito E. Marrero ("Marrero" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court convictions and sentence for trafficking in cocaine, possession of cocaine, and possession of drug paraphernalia. Marrero argues that his Petition should be granted based on the following grounds (grammar and punctuation as in original):

Ground One: Incompetent Jurisdictional Claim because the trial judge (Miraldi) was part of the investigation, acted as legal advisor for [the] police, signed more than 7 warrants (Wiretap and Home Search Warrants), and judge did not satisfy 5th and 14th Amendments of Due Process "Fundamental Fairness" impartiality.

Ground Two: Prosecutorial Misconduct that warrants reversal because the prosecutors used false and staged evidence in their "case in chief."

Ground Three: Ineffective Assistance of Counsel (Trial and Appellate).

Ground Four: Trial Transcripts and Trial Docket edited, altered, and deleted to cover up violations and misconduct (Judicial, Prosecutorial, and Defense attorney misconduct).

> Ground Five: 4th Amendment Search Warrant Procurement defects and violations that nullify or void the premises (home) Search Warrant, in which, was used to violate the Petitioner's 4th Amendment Right to be free from unreasonable searches and seizures except upon probable cause. The 4th Amendment Suppr. Hearing had (on the 18th Dec, 2008) was not litigated fully and fairly, prejudicing the Defendant-Petitioner, causing him to illegally and unconstitutionally [be] detained, sentenced, and convicted to state prison without "probable cause," or a warrant with his name, or particular facts or information that would give rise to reasonable suspicion.

(*See* Petition at 12-21.) This court referred the case to Magistrate Judge Vecchiarelli for preparation of a Report and Recommendation ("R&R"). Respondent Belmont Correctional Institution ("Respondent") filed an Answer on June 20, 2013, denying Petitioner's grounds for relief. (ECF No. 19.)

Magistrate Judge Vecchiarelli submitted an R&R (ECF No. 44) on June 10, 2014, recommending that the court dismiss the Petition in its entirety. The Magistrate Judge found that Petitioner's first, second, and fourth grounds for relief, along with the portion of his third ground for relief that relates to ineffective assistance of trial counsel, are procedurally defaulted and barred from habeas review because he did not timely raise the arguments contained therein before the state court. (R&R at 17-21.) Next, the Magistrate Judge determined that Petitioner's third ground for relief that relates to ineffective assistance of appellate counsel was meritless because Petitioner's appellate counsel was not deficient and Petitioner did not suffer prejudice as a result of his appellate counsel's alleged actions. (*Id.* at 24-26.) The Magistrate Judge also determined that, as a result of its findings, ineffective assistance of appellate counsel could not excuse the procedural default of Petitioner's first and second grounds for relief. (*Id.* at 20-21.) Finally, the Magistrate Judge found that Petitioner's fifth ground for relief was meritless because Petitioner was afforded an adequate opportunity to present his Fourth Amendment claims in the trial court and appellate court, and those

opportunities were not frustrated by a failure of the state procedural mechanisms in place to present those claims. (*Id.* at 16-17.)

As of the date of this Order, Petitioner has not filed objections to the R&R. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that, after careful *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 19). The court dismisses Petitioner's Writ of Habeas Corpus (ECF No. 1). The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 30, 2014